CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Emilia M. Rodriguez; Old Town Restaurant, LLC,** a Delaware Limited Liability Company; and Does 1-10, | |
| Defendants. | |

Plaintiff Brian Whitaker complains of Emilia M. Rodriguez; Old Town Restaurant, LLC, a Delaware Limited Liability Company; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury. He is a quadriplegic. He uses a wheelchair for mobility.

2. Defendant Emilia M. Rodriguez owned the real property located at or about 8408 W. 3rd Street, Los Angeles, California, in August 2019.

1

Complaint

1    3.   Defendant Emilia M. Rodriguez owns the real property located at or

2    about 8408 W. 3rd Street, Los Angeles, California, currently.

3    4.   Defendant Old Town Restaurant, LLC owned C.O.D Seafood House &

4    Raw Bar located at or about 8408 W. 3rd Street, Los Angeles, California, in

5    August 2019.

6    5.   Defendant Old Town Restaurant, LLC owns C.O.D Seafood House &

7    Raw Bar ("Restaurant") located at or about 8408 W. 3rd Street, Los Angeles,

8    California, currently.

9    6.   Plaintiff does not know the true names of Defendants, their business

10   capacities, their ownership connection to the property and business, or their

11   relative responsibilities in causing the access violations herein complained of,

12   and alleges a joint venture and common enterprise by all such Defendants.

13   Plaintiff is informed and believes that each of the Defendants herein,

14   including Does 1 through 10, inclusive, is responsible in some capacity for the

15   events herein alleged, or is a necessary party for obtaining appropriate relief.

16   Plaintiff will seek leave to amend when the true names, capacities,

17   connections, and responsibilities of the Defendants and Does 1 through 10,

18   inclusive, are ascertained.

19

20   **JURISDICTION & VENUE:**

21   7.   The Court has subject matter jurisdiction over the action pursuant to 28

22   U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with

23   Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

24   8.   Pursuant to supplemental jurisdiction, an attendant and related cause

25   of action, arising from the same nucleus of operative facts and arising out of

26   the same transactions, is also brought under California's Unruh Civil Rights

27   Act, which act expressly incorporates the Americans with Disabilities Act.

28   9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

1   founded on the fact that the real property which is the subject of this action is

2   located in this district and that Plaintiff's cause of action arose in this district.

3

4   **FACTUAL ALLEGATIONS:**

5   10. Plaintiff went to the Restaurant in August 2019 with the intention to

6   avail himself of its goods, motivated in part to determine if the defendants

7   comply with the disability access laws.

8   11. The Restaurant is a facility open to the public, a place of public

9   accommodation, and a business establishment.

10   12. Unfortunately, on the date of the plaintiff's visit, the defendants failed

11   to provide accessible dining surfaces in conformance with the ADA Standards

12   as it relates to wheelchair users like the plaintiff.

13   13. On information and belief, the defendants currently fail to provide

14   accessible dining surfaces.

15   14. Additionally, on the date of the plaintiff's visit, the defendants failed to

16   provide accessible paths of travel leading into the Restaurant in conformance

17   with the ADA Standards as it relates to wheelchair users like the plaintiff.

18   15. On information and belief, the defendants currently fail to provide

19   accessible paths of travel leading into the Restaurant.

20   16. These barriers relate to and impact the plaintiff's disability. Plaintiff

21   personally encountered these barriers.

22   17. By failing to provide accessible facilities, the defendants denied the

23   plaintiff full and equal access.

24   18. The failure to provide accessible facilities created difficulty and

25   discomfort for the Plaintiff.

26   19. Even though the plaintiff did not confront the barrier, on information

27   and belief the defendants currently fail to provide accessible restrooms.

28   Plaintiff seeks to have these barriers removed as they relate to and impact his

Complaint

1  disability.

2  20. The defendants have failed to maintain in working and useable

3  conditions those features required to provide ready access to persons with

4  disabilities.

5  21. The barriers identified above are easily removed without much

6  difficulty or expense. They are the types of barriers identified by the

7  Department of Justice as presumably readily achievable to remove and, in fact,

8  these barriers are readily achievable to remove. Moreover, there are numerous

9  alternative accommodations that could be made to provide a greater level of

10  access if complete removal were not achievable.

11  22. Plaintiff will return to the Restaurant to avail himself of its goods and to

12  determine compliance with the disability access laws once it is represented to

13  him that the Restaurant and its facilities are accessible. Plaintiff is currently

14  deterred from doing so because of his knowledge of the existing barriers and

15  his uncertainty about the existence of yet other barriers on the site. If the

16  barriers are not removed, the plaintiff will face unlawful and discriminatory

17  barriers again.

18  23. Given the obvious and blatant nature of the barriers and violations

19  alleged herein, the plaintiff alleges, on information and belief, that there are

20  other violations and barriers on the site that relate to his disability. Plaintiff will

21  amend the complaint, to provide proper notice regarding the scope of this

22  lawsuit, once he conducts a site inspection. However, please be on notice that

23  the plaintiff seeks to have all barriers related to his disability remedied. See

24  Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

25  encounters one barrier at a site, he can sue to have all barriers that relate to his

26  disability removed regardless of whether he personally encountered them).

27

28

4

Complaint

1    **I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS**

2    **WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all

3    Defendants.) (42 U.S.C. section 12101, et seq.)

4       24. Plaintiff re-pleads and incorporates by reference, as if fully set forth

5    again herein, the allegations contained in all prior paragraphs of this

6    complaint.

7       25. Under the ADA, it is an act of discrimination to fail to ensure that the

8    privileges, advantages, accommodations, facilities, goods and services of any

9    place of public accommodation is offered on a full and equal basis by anyone

10   who owns, leases, or operates a place of public accommodation. See 42 U.S.C.

11   § 12182(a). Discrimination is defined, inter alia, as follows:

12          a.  A failure to make reasonable modifications in policies, practices,

13              or procedures, when such modifications are necessary to afford

14              goods,    services,    facilities,    privileges,    advantages,    or

15              accommodations to individuals with disabilities, unless the

16              accommodation would work a fundamental alteration of those

17              services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

18          b.  A failure to remove architectural barriers where such removal is

19              readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are

20              defined by reference to the ADA Standards.

21          c.  A failure to make alterations in such a manner that, to the

22              maximum extent feasible, the altered portions of the facility are

23              readily accessible to and usable by individuals with disabilities,

24              including individuals who use wheelchairs or to ensure that, to the

25              maximum extent feasible, the path of travel to the altered area and

26              the bathrooms, telephones, and drinking fountains serving the

27              altered area, are readily accessible to and usable by individuals

28              with disabilities. 42 U.S.C. § 12183(a)(2).

5

Complaint

26. When a business provides facilities such as dining surfaces, it must provide accessible dining surfaces.

27. Here, accessible dining surfaces have not been provided.

28. When a business provides paths of travel, it must provide accessible paths of travel.

29. Here, accessible paths of travel have not been provided.

30. When a business provides facilities such as restrooms, it must provide accessible restrooms.

31. Here, accessible restrooms have not been provided.

32. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

Complaint

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act.  Cal. Civ. Code, § 51(f).

37. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

38. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: January 14, 2020        CENTER FOR DISABILITY ACCESS

By: _____

_____
Russell Handy, Esq.
Attorney for plaintiff

7

Complaint