UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-00494-RGK-KS | Date | June 8,, 2021 |
|---|---|---|---|
| Title | *Brain Whitaker v. Emilia M. Rodriguez et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant Old Town Restaurant, LLC's Motion for Summary Judgment [DE 51]

## I.    INTRODUCTION

On January 17, 2020, Brian Whitaker ("Plaintiff") filed a Complaint against Emilia M. Rodriguez and Old Town Restaurant, LLC ("Defendants"), alleging claims for violation of (1) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (2) California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. The Court subsequently declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim, (*see* ECF No. 11), and dismissed that claim. Plaintiff's ADA claim arises from certain barriers to accessibility that he encountered when he visited Defendants' restaurant in August of 2019.

Presently before the Court is Defendants' Motion for Summary Judgment ("Motion") (ECF No. 51). For the reasons that follow, the Court **DISMISSES** Plaintiff's ADA claim as moot and **DENIES** the Defendants' Motion as moot.

## II.    FACTUAL BACKGROUND

The following is undisputed.

Plaintiff is substantially limited in his ability to walk, suffers from a C-4 spinal cord injury, and uses a wheelchair for mobility. (Compl. ¶1, ECF No. 1).

Defendant Old Town Restaurant, LLC. owns C.O.D. Seafood House and Raw Bar ("Restaurant") located at 8408 W. 3rd Street, Los Angeles, California. Plaintiff alleges that he visited the Restaurant in August 2019 and encountered various barriers to accessibility when he did.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00494-RGK-KS | Date | June 8,, 2021 |
| Title | *Brain Whitaker v. Emilia M. Rodriguez et al* | | |

Plaintiff now concedes that all barriers that he allegedly encountered at the Restaurant have been remedied. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2, ECF No. 52).

### III. JUDICIAL STANDARD

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*).

### IV. DISCUSSION

Defendants move for summary judgment on the grounds that Plaintiff's ADA claim has been rendered moot by the fact that Defendants have remedied all the barriers alleged in the Complaint. For the reasons that follow, the Court concludes that Plaintiff's ADA claim is moot and therefore dismisses this case for lack of subject matter jurisdiction.

The only remedy available for a violation of the ADA under a private right of action is injunctive relief. *See* 42 U.S.C. § 12188(a). Here, in his one-sentence response brief, Plaintiff states: "As Plaintiff indicated during the Parties' meet and confer, Plaintiff does not dispute that the barriers at the Restaurant alleged in the Complaint have now been removed." (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2). Accordingly, the controversy alleged in the complaint is no longer live and there is no case or controversy before the Court for purposes of Article III. The Court therefore **DISMISSES** Plaintiff's ADA claim as moot.

### V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** Plaintiff's ADA claim as moot and **DENIES** Defendants' Motion for Summary Judgment as moot.

**IT IS SO ORDERED.**

_____ : _____